UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES D. SUMMERS,<br><br>Plaintiff,<br><br>v.<br><br>PARTAIN, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-764-HAB-ALT |

OPINION AND ORDER

Charles D. Summers, a prisoner without a lawyer, filed an amended complaint. ECF 22. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Summers alleges that he saw an outside physician on August 7, 2025, and this physician prescribed him a medication called Yusimry. It is given in the form of an injection, and he should be receiving it once a week. When Summers filed his amended complaint on July 15, 2026, he reported that he has received a mere four doses of Yusimry since August 7, 2025. He has written numerous health care requests and grievances about this, but these have not changed anything. Nurse Debbie is aware of

the problem. Dr. Kim Myers isn't doing anything to ensure Summers receives his injections.

Summers also suffers from two hernias. He saw an outside provider about his hernias and the provider referred to his hernia as one of the worst he has seen. Prior to his transfer to Miami Correctional Facility, he was told the hernia would be surgically repaired. Pain from his hernia makes it hard to walk, eat, work out, or complete daily tasks. He sometimes passes blood in his urine. He indicates that he has communicated with each listed defendant about his medical needs without resolution.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from

accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence does not state a claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference).

Summers indicates that he has communicated with each listed defendant about his medical needs without resolution, but he provides no details regarding the timing or content of his conversations with the defendants. He mentions only two defendants by name, and he provides no details about his communications with them either. The amended complaint is short on facts, dates, and specifics about the medical treatment he has received. Based on what it does say, it is not plausible to infer that any named defendant is deliberately indifferent to his medical needs. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Therefore, Summer may not proceed against Dr. Partain, Dr. Kinsley, Nurse Scott, Dr. Myers, Nurse Kelly Moore, Nurse Debbie, or Nurse Shalaina.

While Summers has not linked his allegations that his medical care is constitutionally inadequate to any named defendant, he has nonetheless alleged facts from which it can be inferred that the care he received did not satisfy the requirements of the Eighth Amendment. The Warden of the Miami Correctional Facility in his official capacity will be added as a defendant because "the warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Summers will be granted leave to proceed against the warden for injunctive relief to receive care that is consistent with the requirements of the Eighth Amendment for his condition that is treated with Yusimry and his hernias.

Summers also named Centurion as a defendant. A private company performing a public function can be sued under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but such entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or

policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). "At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Summers has not alleged that his medical treatment was inadequate due to a widespread policy, custom, or practice of Centurion. Therefore, he may not proceed against Centurion.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Miami Correctional Facility in his official capacity as a defendant

(2) GRANTS Charles D. Summers leave to proceed against the Warden of the Miami Correctional Facility in his official capacity for permanent injunctive relief to receive constitutionally adequate medical care for his medical condition that requires Yusimry and his hernias, as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Dr. Partain, Dr. Kinsley, Nurse Scott, Dr. Myers, Nurse Kelly Moore, Nurse Debbie, Nurse Shalaina, and Centurion;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of the Miami Correctional Facility at the

Indiana Department of Correction with a copy of this order and the complaint (ECF 22); and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Warden of the Miami Correctional Facility to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 13, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT